UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO BONDS,

        Petitioner,　　　　　　　　Case No. 24-cv-11828
        　　　　　　　　　　　　　　Hon. Jonathan J.C. Grey

v.

JOHN CHRISTIANSEN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS* AND DISMISSING CAUSE OF ACTION**

Petitioner Demario Bonds, currently in the custody of the Michigan Department of Corrections, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent filed a motion to dismiss arguing that the petition was not timely filed. (ECF No. 8.) For the reasons discussed below, the Court **GRANTS** the motion to dismiss and declines to issue a certificate of appealability. The Court grants Bonds leave to proceed in forma pauperis on appeal because an appeal may be taken in good faith. *See* Fed. R. App. P. 24(a).

I.  **BACKGROUND**

Following a jury trial in Genesee County Circuit Court, Bonds was convicted of first-degree premeditated murder, M.C.L. § 750.316(1)(a), felon in possession of a firearm, M.C.L. § 750.224f, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. On February 8, 2016, he was sentenced to life imprisonment for the murder conviction and 20 to 40 years for the felon in possession conviction, to be served consecutively with a 2-year sentence for the felony-firearm conviction.

Bonds' convictions were affirmed by the Michigan Court of Appeals. *People v. Bonds*, No. 331776, 2017 WL 3567540, at *1 (Mich. Ct. App. Aug. 17, 2017). The Michigan Supreme Court denied Bonds' application for leave to appeal. *People v. Bonds*, 501 Mich. 1037 (Mich. Apr. 3, 2018).

On July 16, 2018, Bonds filed a motion for relief from judgment in the trial court. The trial court denied the motion. *See* 10/17/2018 Op. and Order, *People v. Bonds*, No. 13-034148 (ECF No. 9-5, PageID.583–600.) The Michigan Court of Appeals denied Bonds' application for leave to appeal. *People v. Bonds*, No. 346871 (Mich. Ct. App. April 23, 2019). Bonds filed an application for leave to appeal in the Michigan Supreme

2

Court.

In lieu of granting leave to appeal, the Michigan Supreme Court remanded the case to the Court of Appeals "for consideration as on leave granted of the defendant's ineffective assistance of appellate counsel issue based on his argument under MCR 6.508(D)(3) that the 26-month delay between his arrest and trial deprived him of his right to a speedy trial." *People v. Bonds*, 937 N.W.2d 368, 369 (Mich. 2020). On remand, the Michigan Court of Appeals held that the trial court did not abuse its discretion by denying Bonds' motion for relief from judgment and affirmed Bonds' convictions. *People v. Bonds*, No. 346871, 2021 WL 1157279 (Mich. Ct. App. Mar. 25, 2021). Bonds filed an application for leave to appeal, which the Michigan Supreme Court denied on April 21, 2023. *People v. Bonds*, 987 N.W.2d 874 (Mich. 2023).

Bonds filed the pending petition for a writ of habeas corpus on July 3, 2024. (ECF No. 1.) Respondent filed a motion to dismiss arguing that the petition was not timely filed. (ECF No. 8.) Bonds has not filed a response to the motion to dismiss.

## II.  DISCUSSION

Respondent moves to dismiss the petition on the ground that it is

3

barred by the one-year statute of limitations for habeas petitions under the Antiterrorism and Effective Death Penalty Act, effective April 24, 1996. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Bonds is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On April 3, 2018, the Michigan Supreme Court denied Bonds' application for leave to appeal. *Bonds*, 501 Mich. at 1037. His conviction became final on July 2, 2018, when the time for seeking a writ of certiorari with the United States Supreme Court expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The last day on which a petitioner can petition for certiorari is not counted toward the one-year limitations period. *Id.* at 285. Accordingly, the limitations period began on July 3, 2018.

Bonds filed a motion for relief from judgment on July 16, 2018, 13 days after the statute of limitations began running. The motion tolled the limitations period. *See* 28 U.S.C. § 2244(d)(2) (the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The state-court collateral-review proceedings concluded on April 21, 2023, when the Michigan Supreme Court denied Bonds' application for leave to appeal. *See People v. Bonds*, 987 N.W.2d 874 (Mich. 2023). The limitations period, of which 352 days remained, resumed running on April 22, 2023, and continued to run

5

uninterrupted for 352 days until it expired on April 8, 2024. Bonds filed his petition on July 3, 2024, almost three months after the limitations period expired. The petition is therefore untimely.

The one-year limitations period is not a jurisdictional bar and may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

As grounds for equitable tolling, Bonds asserts that his legal paperwork was seized and discarded when he was charged with a major misconduct in July 2023. (ECF No. 1, PageID.80.) Bonds was found not guilty and released from segregation on July 26, 2023. (*Id.*) However, he struggled to obtain additional copies of his paperwork from August 2023 until November 2023. (*Id.* at PageID.81.) Bonds argues that the delay in

6

retrieving additional copies caused him to lose "almost half of the time allotted for preparing his habeas petition." (*Id.*) But, once he had his legal materials at hand, Bonds had over four months before the limitations period expired. A lack of access to records "is not the kind of 'extraordinary circumstance' that stands in a petitioner's way and prevents a timely habeas filing" given that "the rules seem to envision that petitioners may at times have to file their petitions without having had access to the state-court record." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011).

Bonds is not entitled to equitable tolling because he fails to point to an extraordinary circumstance that prevented him from timely filing his petition. *Cf. Jones v. Skipper*, No. 19-2413, 2020 WL 7212383, at *3 (6th Cir. July 17, 2020) ("We have found the loss of legal papers to be an extraordinary circumstance only when the loss occurred in combination with other factors such as multiple transfers and medical conditions impeding the petitioner's ability to obtain legal information.").

The one-year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin v.*

7

*Perkins*, 569 U.S. 383, 386 (2013). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support allegations of constitutional error "with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Bonds has not presented new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005). His habeas petition is therefore untimely and must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not

debate the correctness of the Court's procedural ruling that Bonds' petition is time-barred. The Court therefore denies a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the motion to dismiss (ECF No. 8) and **DISMISSES** the petition for writ of habeas corpus. The Court **DENIES** a certificate of appealability.

The Court **GRANTS** Bonds leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

<u>s/Jonathan J.C. Grey</u>
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2025

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
